UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS CARTER #645573,

    Plaintiff,

v.

PATRICIA SUPNICK, et al.,

    Defendants.
_____/

Case No. 2:18-CV-3

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Thomas Carter, pursuant to 42 U.S.C. § 1983. Plaintiff asserts First and Fourteenth Amendment claims against Defendants, Patricia Supnick, Lisa Mattson, Joseph M. Naeyaert, and Jessica Lundquist. The claims arise from allegations that Defendants (1) prevented Plaintiff from obtaining copies of legal documents, (2) destroyed Plaintiff's legal mail, (3) prevented Plaintiff from using the legal writer program, (4) transferred Plaintiff to a different prison, and (5) interfered with Plaintiff's use of the prison grievance system. On February 5, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 59.) Plaintiff filed objections. (ECF No. 60.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

## Analysis

**I.   FIRST AMENDMENT – ACCESS TO THE COURTS**

Plaintiff alleges that he asserted three access-to-courts claims. He describes these claims as an interference claim, a right-to-assistance claim, and a retaliation claim.

The first claim, which Plaintiff concedes that the magistrate judge addressed, is that Defendants interfered with his access to the courts when they destroyed his Michigan Court Rule 6.500 – Motion for Relief from Judgment instead of sending it by mail to the state court. The 6.500 Motion pertained to Plaintiff's state criminal case. The magistrate judge determined that this claim fails for three reason: (1) the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff failed to show that he was pursuing nonfrivolous claims; and (3) Plaintiff did not explain to the Court why every document that he asked Defendants to photocopy had to be included in his state court motion for relief from judgment. This Court agrees with the magistrate judge's conclusion. Notably, Plaintiff has not shown that he was pursuing nonfrivolous claims because he has never informed the Court of any specific claim that he was prevented from raising in his habeas petition based on Defendants' conduct. Furthermore, Plaintiff has put forth no evidence to establish that Defendants destroyed the 6.500 Motion. Plaintiff merely speculates that Defendants destroyed the Motion because the state court never received it.

Plaintiff argues that the magistrate judge did not address his right to assistance and his retaliation access-to-court claims. These two claims stem from Defendants Supnick and Mattson allegedly denying Plaintiff access to a legal writer. The magistrate judge addressed the legal writer denial as a due process and a retaliation claim. It appears that Plaintiff is attempting to assert the denial of the legal writer as access-to-courts, due process, and retaliation claims. Under any theory, the claim fails as a matter of law.

The record establishes that Plaintiff was initially approved for a legal writer. The legal writer—after seeing the copy of a grievance—determined that Plaintiff was attempting to have the

2

legal writer retype documents to obtain free photocopies, also known as a "type-job." The MDOC prohibits type-jobs. Plaintiff claims that he was not requesting a type-job. Whether Plaintiff was seeking a type-job is irrelevant to his claims against Defendants Supnick and Mattson because it was the legal writer that believed Plaintiff was requesting type-job. There is no evidence that Defendants played any role in the legal writer's determination. Plaintiff offers only conclusory allegations that Defendants Supnick and Mattson denied him the legal writer because they oversee the legal writing program as prison librarians.

### II.   FOURTEENTH AMENDMENT – DUE PROCESS

Plaintiff also objects to the magistrate judge's recommendation to dismiss the due process claim. When addressing Plaintiff's due process claims, the magistrate judge addressed the denial of the legal writer and the destruction of the motion for relief of judgment. Plaintiff's objection pertains to only the legal writer claim. For the reasons stated above, Plaintiff has not shown that Defendants Supnick and Mattson denied him access to a legal writer.

### III.   FIRST AMENDMENT – RETALIATION

Plaintiff alleges that he asserted five retaliation claims, but Plaintiff's objections pertain to only three retaliation claims—the denial of access to a legal writer; the prison transfer; the denial of a grievance. Therefore, the Court will only address these three retaliation claims.

First, Plaintiff objects to the magistrate judges' conclusion that the legal writer retaliation claim should be dismissed for the same reasons the due process legal writer claim should be dismissed. Again, Plaintiff was approved for a legal writer. The legal writer told Plaintiff that he would not do a type job. Plaintiff has failed to show that Defendants Supnick and Mattson had any specific role in the legal writer refusing to perform the requested work for Plaintiff.

Next, Plaintiff objects to the magistrate judge's conclusion that the prison transfer retaliation claim should be dismissed because Plaintiff did not show that the transfer was adverse. As the magistrate judge correctly stated:

3

> The Sixth Circuit has stated that "[s]ince transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005) (citing *Smith v. Yarrow*, 78 F. App'x. 529, 543-44 (6th Cir. 2003)). But a limited exception applies when there are foreseeable consequences to the transfer that interfere with the prisoner's ability to access the courts. *Id.* at 702. Carter has not alleged that he was denied access to his attorney or a prison job as a result of his transfer. Carter has failed to establish that his transfer was something other than routine.

(ECF No. 59 at PageID.548-549.)

Plaintiff fails to adequately explain why the transfer was an adverse action. He makes a confusing statement about being moved from segregation to general population, but the record establishes that Plaintiff was the same confinement level at both prisons and that he did not lose any rights or privileges.

Plaintiff next argues that the magistrate judge failed to address his claims related to the grievance procedure. Specifically, Plaintiff alleges that Defendant Supnick retaliated against him for denying a grievance because Plaintiff previously filed a grievance against Defendant Supnick. But the Sixth Circuit has repeatedly held that a prisoner does not have a right to meaningful grievance process. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (denying claim that alleged defendants interfered with inmate's ability to file a grievance); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (holding no deprivation of federal right for denying claim as there was no right to prison grievance procedure). Furthermore, to the extent Plaintiff intends this claim to be a retaliation claim, he has not put forth any evidence to show that Defendant Supnick denied the second grievance because of Plaintiff's first grievance.

## Conclusion

**Accordingly, IT IS HEREBY ORDERED** that the February 5, 2020, Report and Recommendation (ECF No. 59) is **adopted** as the Opinion of the Court. Carter's objections (ECF No. 60) are **overruled**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 46) is **GRANTED** for the reasons set forth in the R. & R. Therefore, Carter's claims are **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: June 16, 2020                                          /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE